**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| NANCY GARWOOD, on behalf of herself and others similarly situated, | : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| FIA LIQUIDATION COMPANY, INC., | : : | |
| Defendant. | : : : | **JURY TRIAL DEMANDED** |

Plaintiff Nancy Garwood (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     This case involves a campaign by FIA Liquidation Company, Inc. d/b/a Fiorella Insurance Agency ("Fiorella") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter

referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3.      The recipients of Fiorella 's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Fiorella makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Garwood is and at all times relevant to this action was a Brevard County resident.

5.      Defendant FIA Liquidation Company, Inc. is a Florida corporation headquartered in Martin County, Florida.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7.      This Court has general personal jurisdiction over Fiorella because the company resides here.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Fiorella directed the calls at issue to Plaintiff who received them in this District.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## **TCPA BACKGROUND**

The TCPA Prohibits Automated Telemarketing Calls

9.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012).

The National Do Not Call Registry

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16.     Defendant Fiorella is a "person" as the term is defined by 47 U.S.C. § 153(39).

17.     Fiorella is an insurance agency.

18.     Plaintiff Garwood's telephone number has been registered with the National Do Not Call Registry since prior to 2021.

19.     Plaintiff Garwood uses her cell phone for personal use only. It is not used as a business number.

20.     In mid-July 2021, Plaintiff Garwood started receiving unwanted telephonic sales calls, including text messages and pre-recorded voicemails, from Defendant Fiorella Insurance Agency to her cell phone marketing health insurance.

21.     Plaintiff Garwood received the multiple calls from the phone number 772-888-8139 to her cell phone on:

- August 5, 2021, at 12:15 PM,
- August 11, 2021, at 12:52 PM,
- August 21, 2021, at 11:33 AM,
- August 25, 2021, at 3:56 PM,
- August 30, 2021, at 2:24 PM,
- September 8, 2021, at 3:13 PM,
- September 13, 2021, at 3:38 PM,
- September 16, 2021, at 3:52 PM, and on
- September 21, 2021, at 4:24 PM.

22.     The phone number 772-888-8139 belongs to Defendant Fiorella Insurance Agency.[2] And in each of these calls, a pre-recorded voice message was played which identified the caller an agent of Defendant Fiorella Insurance Agency.

23.     Plaintiff Garwood received multiple unwanted telephonic sales calls placed by using automated systems to send pre-recorded voicemails from Defendant Fiorella Insurance Agency, including the following:

---

[2] https://www.whitepages.com/phone/1-772-888-8139?fromPopSearch=true

- On July 27, 2021, at 10:34 am, from the phone number 667-215-5856:

  "Hey there, this is Crystal with Fiorella Insurance. I saw that you're still looking for health insurance based on a request you submitted online. If you please call me at 772-600-1134 so we can get you enrolled today for August 1st. Again my number is 772-600-1134."

- On July 28, 2021, at 2:10 pm, from the phone number 667-217-3859:

"Hey, this is Crystal with Fiorella Insurance. I saw your request for health insurance and I have some great plans that we can enroll you into for August 1st. You definitely want to take advantage. If you can please call me at 772-600-1134. Again, my number is 772-600-1134."

- On July 29, 2021, at 9:06 am, from the phone number 410-304-0456:

  "Hey there, this is Crystal with Fiorella Insurance. I was just giving you a call cause I just wanted to let you know that it's not too late to enroll in an affordable health plan for August 1st. You [unclear] want to take advantage now, today is the last day to enroll. If you can please call me at 772-600-1134. Again my number is 772-600-1134. Thank you!"

- On August 3, 2021, at 1:20 pm, from the phone number 410-304-0412:

  "Hey there, this is Crystal with Fiorella Insurance. I see that you're still looking for health insurance based on the request you submitted online. If you can please give me a call at 772-600-1134 so we can get you enrolled today for September 1st. Again, my number is 772-600-1134. Thank you!"

- On August 4, 202, at 2:45 pm, from the phone number 240-201-1265:

  "Hi, this is Crystal with Fiorella Insurance. I just wanted to let you know I did a quick review of the application you submitted online for health insurance and you may qualify for an affordable Florida Blue plan. You definitely want to take advantage of these affordable plans before September 1st. If you can please give me a call at 772-600-1134. Again, my number is 772-600-1134. Thank you."

- On August 5, 2021, at 2:34 pm, from the phone number 410-304-0347:

  "Hey there, this is Crystal with Fiorella Insurance. I see your request for health insurance based on the request you submitted online. If you can please call me at 772-600-1134 so we can get you enrolled today for September 1st. Again my number is 772-600-1134. Thank you."

- On August 6, 2021, at 1:41 pm, from the phone number 301-720-8257:

  "This is Crystal, with Fiorella Insurance. I just wanted to follow-up with you on the request you had submitted online and I saw that you're still looking for health insurance and I have plenty of plans that you can take advantage of for September 1st. If you can please call me at 772-600-1134. Again, my number is 772-600-1134."

7

- On August 13, 2021, at 2:42 pm, from the phone number 667-215-5922:

  "Hi, this is Crystal with Fiorella Insurance. I saw your request for health insurance and I have some great plans that we can get you enrolled into. And you definitely want to take advantage of these affordable plans for September 1st. If you can please give me a call at 772-600-1134. Again, my number is 772-600-1134. Thanks and I hope to hear from you soon."

- On August 17, 2021, at 1:27 pm, from the phone number 410-304-0289:

  "Hey there, this is Crystal with Fiorella Insurance. I was just giving you a call cause I see that you're still looking for health insurance based on the request that you submitted online. You definitely want to act fast and enroll in an affordable plan for September 1st. If you can please call me at 772-600-1134. Again my number is 772-600-1134. Thanks and I hope to hear from you soon."

- On August 24, 2021, from the phone number 443-445-1593.

- On August 25, 2021, at 12:26 pm, from the phone number 240-201-1674:

  "Hello, this is Crystal with Fiorella Insurance. I was just calling in regards to the request that you had submitted online for health insurance. And based on your application you may qualify for a low cost health plan. You definitely want to take advantage of these savings as you may qualify. If you can please call me at 772-600-1134 so we can try to get you enrolled in a plan for September 1st. Again, my number is 772-600-1134."

- On August 26, 2021, at 1:23 pm, from the phone number 667-201-7401:

  "Hello, this is Crystal with Fiorella Insurance. I saw the request you submitted online for health insurance and I wanted to let you know that you may qualify for an affordable plan. You definitely want to take advantage and enroll into a health plan for September 1st. If you can please call me at 772-600-1134. Again, my number is 772-600-1134. Thank you!"

24.    Plaintiff Garwood received multiple calls with similar pre-recorded voice messages

as the ones noted above from Defendant Fiorella Insurance Agency including the following calls:

- On August 31, 2021, at 4:36 PM from the phone number 301-264-9716.
- On September 1, 2021, at 12:47 PM from the phone number 301-746-0603.
- On September 3, 2021, from the phone number 443-227-0620.
- On September 7, 2021, at 11:11 AM from the phone number 301-368-6580.
- On September 9, 2021, at 9:14 AM from the phone number 667-201-7371.
- On September 10, 2021, from the phone number 410-275-3557.
- On September 13, 2021, at 9:21 AM from the phone number 240-201-1665.
- On September 15, 2021, from the phone number 410-275-3564.
- On September 16, 2021, at 3:16 PM from the phone number 667-201-7417.
- On September 20, 2021, from the phone number 443-227-0580.

9

- On September 21, 2021, at 3:03 PM from the phone number 667-201-7371.
- On September 22, 2021, from the phone number 301-720-8056.
- On September 23, 2021, at 1:42 PM from the phone number 301-264-9746.
- On September 27, 2021, at 1:37 PM from the phone number 240-201-1660.
- On September 28, 2021, at 1:45 PM from the phone number 667-201-7843.

25.     Plaintiff Garwood also received multiple unwanted text messages from Defendant

Fiorella Insurance Agency marketing affordable health insurance plans to the Plaintiff, including

but not limited to the following:












26.    Plaintiff Garwood received over 27 unwanted text messages from Defendant

Fiorella Insurance Agency using the phone number 97418, marketing health insurance, on the following dates and times:

- July 15, 2021, at 9:52 AM,
- July 16, 2021, at 10:01 AM,
- July 19, 2021, at 10:09 AM,
- July 20, 2021, at 10:23 AM,
- July 21, 2021, at 10:32 AM,
- July 27, 2021, at 11:08 AM,
- August 4, 2021, at 12:08 PM,
- August 9, 2021, at 12:33 PM,
- August 10, 2021, at 12:53 PM,
- August 11, 2021, at 12:56 PM,
- August 12, 2021, at 1:04 PM,
- August 13, 2021, at 1:06 PM,
- August 14, 2021, at 11:44 AM,
- August 17, 2021, at 1:33 PM,
- August 21, 2021, at 12:05 PM,
- August 25, 2021, at 2:05 PM,
- August 26, 2021, at 2:15 PM,
- August 27, 2021, at 12:26 PM,
- September 1, 2021, at 2:52 PM,
- September 3, 2021, at 2:57 PM,
- September 8, 2021, at 3:25 PM,
- September 10, 2021, at 3:32 PM,
- September 13, 2021, at 3:38 PM,
- September 15, 2021, at 3:47 PM,
- September 16, 2021, at 4:01 PM,
- September 17, 2021, at 4:04 PM, and on
- September 20, 2021, at 4:21 PM.

27.     Each of these text messages were sent from or on behalf of Defendant Fiorella Insurance Agency, marketing Defendant's health insurance plans to the Plaintiff, and provided Defendant Fiorella Insurance Agency's phone number 772-223-7681 as the call-back number.

28.     Furthermore, in the first 16 text messages received by the Plaintiff from the Defendant between July 15, and August 25, 2021, the Defendant failed to identify the telephone

12

solicitor who sent these text messages, or the name of their business on whose behalf these telephonic sales messages were sent.

29.     Plaintiff Garwood has never had any business relationship with Defendant Fiorella Insurance Agency.

30.     Plaintiff Garwood was not looking for insurance related products such as the Defendant offers, and has never given her express written consent to Defendant Fiorella Insurance Agency to place telephonic solicitation calls to her cell phone.

31.     Plaintiff Garwood received, and continues to receive, multiple unwanted telephonic solicitation calls, including text messages and pre-recorded calls placed using automated systems marketing health insurance, from Defendant Fiorella Insurance Agency.

**Online Complaints and Reviews Showing Fiorella Insurance Agency Places Such Telemarketing Calls**

32.     Consumers have raised numerous complaints online about Defendant's unsolicited telemarketing calls, including complaints specifically alleging the use of pre-recorded voice messages, such as:

- "I have the same problem with repeated telephone solicitation. I have pressed the number 5 as the recording states will remove me from the calling list. I called the company and spoke to them twice requesting my number be removed. On one call when I pressed 5 to be removed, I heard a recording that sounded like chimpanzees laughing. That might be their little inside joke. I will block the number and hope it stops. Seems other people have reported them to the attorney general to no avail."[3]
- "I have repeatedly ask these people to quit calling even talked to a supervisor and was told they removed our number. here it is at 704pm and the calls keep coming they have called up to 10pm at night. as of now we have sent a letter to Florida AG with a copy of caller id and also sent to our atty.  this fly by night company just likes to harass you........"[4]

---

[3] https://www.yelp.com/not_recommended_reviews/fiorella-insurance-agency-stuart-4
[4] *Id.*

- "Horrible customer service and they keep you on a cold call list Stay away"[5]
- "Awful company, constant robo dialing us day in and ay out after many requsts to stop."[6]
- "if i could give this a negative star i would. the amount of calls per day from different numbers is so unprofessional. then they leave a voice mail . we have been getting a minimum of 3 calls per day everyday for the last 2 months. we have told every representative to stop the calls. does this company feel we will call them if we have a need? there is no way i would call them or recommend them to anyone."[7]
- "despite my requests for them to stop, this agency (who i have never contacted or given my info to) continues to send spam texts to my personal cell number."[8]
- "This company has solicited me and only after getting MORE than 20 calls AFTER being I have repeatedly said to stop calling, I contacted the Attorney General...hopefully that will stop the harassment. If it were possible to give negative stars, this would be a good place to start."[9]
- "They keep call me for health insurance on my do-not-call-listed cell phone, which is a violation of federal law. I have never done business with them, live in a completely different state, have never lived in Florida, don't have a Florida number, etc."[10]
- "Recorded call soliciting for health insurance. Fiorella Insurance."[11]

33. In addition, other consumers have posted pre-recorded voicemail messages they received from Defendant Fiorella Insurance Agency, from the same agent, Crystal, who sent the pre-recorded voicemails to Plaintiff Garwood's cell phone:

---

[5] https://www.bbb.org/us/fl/stuart/profile/insurance-agency/fiorella-insurance-agency-inc-0633-31002370/customer-reviews
[6] https://www.yelp.com/biz/fiorella-insurance-agency-stuart-4
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] https://www.shouldianswer.com/phone-number/7726001134



34.     In addition, several consumers have posted complaints reporting to have received calls which provided the same call-back number 772-600-1134, as was provided to Plaintiff Garwood in all of the pre-recorded voicemails she received from Defendant Fiorella Insurance Agency. These complaints include:

- "Hi this is Shane a licensed agent sort of blue I'm calling you because you submitted an application looking for free health insurance in your area um I just want to call you cause I just had a quick review of your profile and um you're actually a prime candidate for plans with zero dollars a month right now and your area um if you can give me a call back at 772-600-1134 I can go ahead and explain exactly what you qualify for and provide your free quote um so give me a call back at your earliest convenience at 772-600-1134 thank you and I hope you have a fantastic day bye…"[13]
- "Hello hey this is Courtney with fear Rella insurance. We're your local licensed agency for Florida blue in your county. I'm calling to let you know that it's not too late to get protected. Protect yourself and your family by enrolling in a health insurance coverage plan today. Please press one to speak with a licensed local agent right now in your county we found plans as low as zero dollars per month with deductibles as low as zero dollars and co-pays as well as a dollar press one now to learn more options you qualify for. Press nine to be removed from our list."[14]
- "Hi this hi this is Shane at license agent with Florida blue. I'm calling you because you submitted a application looking for free health insurance in your area. I just wanted to call you because I just a quick review of your profile and you're actually

---

[12] https://lookup.robokiller.com/p/813-322-9005
[13] https://directory.youmail.com/directory/phone/7726001134
[14] *Id.*

a prime candidate for plans as low as zero dollars a month right now in your area. If you can gimme a call back at 772-600-1134. I can go ahead and explain exactly what you qualify for and provide your free quote. So give me a call back at your earliest convenience at 772-600-1134. Thank you and I hope you have a fantastic day. Bye." [15]

- "I HAVE RECEIVED 40 CALLS FROM THIS NUMBER FOR INSURANCE SINCE OCT 29. SCAM............." [16]

35.     Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

36.     Defendant does not have any record of express written consent to place telemarketing calls, or calls featuring an artificial or prerecorded voice, to Plaintiff or to members of the proposed classes.

37.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

38.     In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

---

[15] *Id.*

[16] *Id.*

16

40.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Autodial Pre-recorded Class:** All persons in the U.S. who (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) on or after July 1, 2021.

> **Unidentified Telephone Solicitor Class:** All persons in the U.S. who (1) received an unsolicited telephonic sales call from or on behalf of the Defendant, (2) in which the sender failed to identify their full name and the business on whose behalf the solicitation call was made, as in the telephonic sales messages received by the Plaintiff, (3) on or after July 1, 2021.

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called (2) using an artificial or pre-recorded voice.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days.

41.     Plaintiff Garwood is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Classes' members.

42.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

44.     This Class Action Complaint seeks injunctive relief and money damages.

45.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

46.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

47.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

48.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;
>
> (b) whether Defendant used an autodialer or artificial or prerecorded voice to make calls;
>
> (c) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;
>
> (d) whether Defendant's conduct constitutes a violation of the TCPA and FTSA; and
>
> (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

50.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

51.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.   Plaintiff and her counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

52.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

53.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Garwood and the Autodial Pre-recorded Class**

54.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiff brings this claim individually and on behalf of the Autodial Pre-recorded Class Members against Defendant.

56.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

57.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will

or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

58.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

59.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

60.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

61.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Garwood and the Unidentified Telephone Solicitor Class**

62.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

63.     Plaintiff brings this claim individually and on behalf of the members of the Unidentified Telephone Solicitor Class against Defendant.

64.     The FTSA requires "any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number" to mandatorily

20

"identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

65.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

66.     In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to Plaintiff and other members of the Unidentified Telephone Solicitor Class.

67.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### Violation of 47 U.S.C. § 227
### On Behalf of Plaintiff Garwood and the Pre-recorded No Consent Class

68.     Plaintiff repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

69.     Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

70.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

71.     The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**COUNT IV**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**On Behalf of Plaintiff Garwood and the Do Not Registry Class**

72.     Plaintiff repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

73.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

77.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using an autodialer or prerecorded or artificial voice, or to numbers on the National Do Not Call Registry in the future;

b)     That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and FTSA;

c)     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate,

finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and

law firms representing Plaintiff as counsel for the Classes; and

     d)     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

     Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 9, 2021.     Respectfully submitted,

     By:  /s/ Stefan Coleman

          Stefan Coleman (FL Bar no. 30188)
          law@stefancoleman.com
          **Law Offices of Stefan Coleman, P.A.**
          201 S. Biscayne Blvd, 28th Floor
          Miami, FL 33131
          Telephone: (877) 333-9427
          Facsimile: (888) 498-8946

          Avi R. Kaufman, Esq. (FL Bar no. 84382)*
          **KAUFMAN P.A**
          400 Northwest 26th Street
          Miami, Florida 33127
          kaufman@kaufmanpa.com
          (305) 469-5881
          *Trial Counsel

          *Counsel for Plaintiff and all others similarly situated*